# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK E. SHAFFER, | Civil Action No. 15 – 554 |
| Petitioner, | |
| v. | District Judge Cathy Bissoon |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | Magistrate Judge Lisa Pupo Lenihan |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons stated herein, the Petition for Writ of Habeas Corpus (ECF No. 1) should be dismissed as untimely and a certificate of appealability should be denied.

**II.  REPORT**

Petitioner, Mark Shaffer, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (ECF No. 1) seeking relief from his October 31, 2008 judgment of sentence of fifteen (15) to thirty (30) years of incarceration after pleading guilty to two counts of Involuntary Deviate Sexual Intercourse with a Child, 18 Pa.C.S.A. 3123(a)(7), in the Court of Common Pleas of Butler County, Pennsylvania.[1]

---

[1] Petitioner was sentenced to a term of seven and a half (7½) to fifteen (15) years of incarceration at each count, to be served consecutively.

**A.     Time Period for Filing Federal Habeas Corpus Petitions**

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").[2] Pursuant to the AEDPA, Congress imposed a one-year limitations period applicable to state prisoners, which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

---

[2] Because Petitioner filed his federal habeas petition after the effective date of the AEDPA, the Court must apply the standards set forth in the AEDPA to his claims for federal habeas relief. See Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

As to the first inquiry, the "trigger date" for AEDPA purposes is the date that Petitioner's judgment of sentence became final pursuant to section 2244(d)(1)(A).[3]

Petitioner's sentence was imposed on October 31, 2008. He then had thirty days, or until December 1, 2008, to file a Notice of Appeal. *See* Pa.R.A.P. 903. He did not do so, and, as such, his sentence became final on December 1, 2008. His one-year limitations period for filing a federal habeas petition started to run the following day.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2).

Petitioner filed a collateral appeal pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, on April 27, 2009, 146 days after his one-year limitations period started to run. Following a remand by the Superior Court of Pennsylvania, Petitioner's

---

[3] Petitioner does not assert that there was an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the "trigger date" for all of his claims is the date his judgment of sentence became final.

PCRA appeal was dismissed by the Court of Common Pleas on December 4, 2012. He then had thirty days, or until January 3, 2013, to file a Notice of Appeal. While Petitioner did file a Notice of Appeal, the Superior Court of Pennsylvania ultimately determined that his appeal was untimely filed. Because his appeal was not "properly filed" within the meaning of section 2244(d)(2), the time during which it was pending in the Superior Court did not toll any portion of Petitioner's limitations period. *See* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted). Therefore, Petitioner's limitations period was tolled only until January 3, 2013, the last day he had to file a timely Notice of Appeal. When it started to run again the following day, he then had 219 days remaining in which to file his Petition for Writ of Habeas Corpus, or until August 12, 2013 (August 10, 2013 was a Saturday). The Petition, however, was not filed until April 24, 2015.[4]

As to the third inquiry, Petitioner does not argue for the application of equitable tolling. Therefore, it is recommended that his Petition for Writ of Habeas Corpus be dismissed.

### B. Certificate of Appealability

A certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not

---

[4] Even assuming Petitioner was given the benefit of tolling during the time his appeal was pending in the Superior Court, and during his subsequent Petition for Allowance of Appeal ("PAA") proceedings, his Petition would still be untimely. The Superior Court of Pennsylvania quashed Petitioner's PCRA appeal on October 3, 2013, and the Pennsylvania Supreme Court denied his PAA on May 13, 2014. Petitioner would have had to file his Petition no later than December 18, 2014 in order for it to be timely.

address petition on the merits but on some procedural ground); <u>Walker v. Government of the Virgin Islands</u>, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III.    **CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) should be dismissed as untimely and a certificate of appealability should be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  September 15, 2015.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:   Mark E. Shaffer
      HU 6148
      SCI Fayette
      Box 9999
      LaBelle, PA  15450

      Counsel of Record
      *Via CM/ECF Electronic Mail*